■ In the Matter of JONATHAN M., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; PRISCILLA M. et al., Respondents; MONICA DRINANE, Nonparty Appellant. (Proceeding No. 1.) In the Matter of DEXTER M., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; PRISCILLA M. et al., Respondents; MONICA DRINANE, Nonparty Appellant. (Proceeding No. 2.) In the Matter of BABY BOY M., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; PRISCILLA M. et al., Respondents; MONICA DRINANE, Nonparty Appellant. (Proceeding No. 3.) [744 NYS2d 678] —In three related neglect proceedings pursuant to Family Court Act article 10, the Law Guardian appeals, as limited by her brief, from so much of three orders of disposition (one as to each child) of the Family Court, Kings County (Lopez-Torres, J.), all dated April 16, 2001, as, upon a joint fact-finding order of the same court (Segal, J.), dated January 12, 2001, determining that the children were neglected, directed the Administration of Children's Services to expeditiously place all of the children in the same foster home.

Ordered that the orders of disposition are reversed insofar as appealed from, on the law, without costs or disbursements, and

the matter is remitted to the Family Court, Kings County, before a different judge, for further proceedings consistent herewith.

We agree with the Law Guardian that the Family Court in this matter erred in issuing the dispositional orders without first holding a dispositional hearing. The Family Court Act directs that a dispositional hearing be held as a condition precedent to the entry of a dispositional order (see Family Ct Act § 1052 [a]; Matter of Michael V. v James M., 83 NY2d 178, 183; Matter of Jeffrey M., 226 AD2d 1114). Here, the failure to conduct a dispositional hearing limited the Family Court's ability to make an informed judgment as to the dispositional remedy which would be in the best interests of the children (see Family Ct Act §§ 1045, 1047, 1052 [a]; Matter of Michael V., supra; Matter of Lewis T., 249 AD2d 646, 647; Matter of Scott M. v Janna C., 237 AD2d 603, 605).

Since the Family Court erred in failing to hold a dispositional hearing, the matter must be remitted for such a hearing (see Matter of Michael V., supra; Matter of Edward L., 250 AD2d 853). O'Brien, J.P., H. Miller, Schmidt and Cozier, JJ., concur.