# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**194**

**CAF 11-00689**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF MAKAYLA L.P.
------------------------------------------------
STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

ALECIA M.P., RESPONDENT,
AND DAVID S., RESPONDENT-APPELLANT.

---

RAYMOND P. KOT, II, WILLIAMSVILLE, FOR RESPONDENT-APPELLANT.

ALAN P. REED, COUNTY ATTORNEY, BATH (RUTH A. CHAFFEE OF COUNSEL), FOR
PETITIONER-RESPONDENT.

CHRISTINE M. VALKENBURGH, ATTORNEY FOR THE CHILD, BATH, FOR MAKAYLA
L.P.

---

Appeal from an order of the Family Court, Steuben County
(Marianne Furfure, A.J.), entered March 9, 2011 in a proceeding
pursuant to Family Court Act article 10. The order determined the
subject child to be neglected.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order of fact-
finding adjudging, inter alia, that he neglected his child. To
establish neglect, petitioner was required to prove by a preponderance
of the evidence that the child's condition was in imminent danger of
impairment based on the father's failure to exercise a minimum degree
of parental care in providing proper supervision or guardianship, by
unreasonably inflicting harm or creating a substantial risk thereof
(*see* Fam Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]). We conclude that
petitioner met its burden. Petitioner presented evidence at the fact-
finding hearing establishing that the father was convicted, upon his
plea of guilty, of attempted sodomy in the first degree (Penal Law §
110.00, former § 130.50 [4]) and that he was designated a risk level
two sex offender based on that conviction. The father admitted that
his conviction arose out of an incident that occurred when he was 21
years old and in which he sexually abused his 12-year-old mentally
challenged stepsister while he was baby-sitting her. Following his
release from prison in 2009, the father did not voluntarily engage in
or complete sex offender treatment for his own benefit or the benefit
of his family, despite being notified that he needed to do so.

In addition, petitioner demonstrated that, since his release from prison, the father was convicted of assault in the third degree (Penal Law § 120.00) for allegedly biting, pinching and threatening to kill respondent mother. The father also was convicted of unlawful fleeing a police officer in a motor vehicle in the third degree (§ 270.25) and aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]), arising from an incident in which he drove a van in excess of 80 miles per hour while being pursued by the police and with the mother in the vehicle. Further, several orders of protection have been issued against the father in favor of the mother, the father's mother and the foster parents. We therefore conclude, under the circumstances of this case, that there is no reason to disturb Family Court's finding of neglect, which is well supported by the record (*see Matter of Christopher C.*, 73 AD3d 1349, 1351; *Matter of Merrick T.*, 55 AD3d 1318).

Contrary to the father's contention, *Matter of Afton C.* (17 NY3d 1) does not require reversal. In that case, the Court of Appeals determined that the mere fact that a parent was adjudicated a risk level three sex offender and never sought treatment was insufficient to "demonstrate that [the parent] breached a minimum duty of parental care and pose[d] a near or impending harm to his [or her] children" (*id.* at 11). Nevertheless, the Court of Appeals made clear that, where, as here, there are other factors supporting a neglect finding, including a prior conviction arising from abuse of a young relative in the parent's care, the evidence that a parent has been adjudicated a sex offender may be sufficient to establish neglect (*id.*). We therefore conclude that the serious nature of the circumstances underlying the father's sex offense and the aforementioned examples of his reckless behavior since being released from prison render *Afton C.* inapposite.

Finally, the father's contention that his constitutional rights were violated is without merit (*see generally Matter of Tammie Z.*, 66 NY2d 1, 3).

Entered: February 10, 2012                    Frances E. Cafarell
                                              Clerk of the Court