■ In the Matter of DANTE W., a Child Alleged to be Neglected. NORMAN W., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [25 NYS3d 151]—

Order, Family Court, Bronx County (Erik S. Pitchal, J.), entered on or about February 5, 2014, which, after a fact-finding hearing, determined that respondent father neglected the subject child, unanimously affirmed, without costs. Appeal from permanency orders, same court and Judge, entered on or about June 4, 2014, mandating that the father submit to a mental health evaluation and comply with treatment recommendations, complete an alcohol rehabilitation program and any required aftercare, and complete a special needs parenting course, continuing the suspension of visitation until a licensed clinician recommended and the child agreed to contact with the father, and directing the agency to make reasonable efforts to refer the father for the services; entered on or about January 26, 2015, directing the agency to make the previously ordered referrals for the father, and providing a procedure for the father to correspond and engage in family therapy with the child; and entered on or about February 4, 2015, continuing the prior orders concerning the referrals and suspension of visitation, unanimously dismissed, without costs, as moot.

The court properly found that ACS proved neglect by a preponderance of the evidence. The father neglected the child through the use of excessive corporal punishment and misuse of alcohol to the point that he lost control of himself and injured the child, based on the testimony of the caseworker and the

foster mother concerning the child's statements to them and their observation of bruises on the child, and the testimony of the neighbor who witnessed an incident between the father and the child. The child's out of court statements were properly corroborated (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 118 [1987]).

The father's challenge to the permanency orders is dismissed as moot because the orders expired on their own terms (*see Matter of Kayvonne S.*, 294 AD2d 118 [1st Dept 2002]). In any event, given the fact-finding determinations, referrals for appropriate services and suspension of visitation were warranted. Concur—Friedman, J.P., Acosta, Andrias, Saxe and Feinman, JJ.