■ In the Matter of Jayla A. and Others, Children Alleged to Be Neglected. Erie County Department of Social Services, Respondent; Chelsea K., Respondent; Isaac C., Appellant. [54 NYS3d 819]—

Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered June 30, 2014 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondents had neglected the subject children.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In these proceedings brought pursuant to Family Court Act article 10, respondent Isaac C., the paramour of the mother of the four subject children, but the father of none of them, appeals from an order of fact-finding determining, inter alia, that he was a "person legally responsible" for the neglect of the children. At the outset, we note that although Family Court subsequently issued a combined order of fact-finding and disposition, and although no appeal has been taken from that order, we have jurisdiction to hear this appeal inasmuch as "[a]n appeal from an intermediate or final order in a case involving abuse or neglect may be taken as of right" (Family Ct Act § 1112 [a]; *see Matter of Christy C. [Roberto C.]*, 77 AD3d 563, 563 [2010], *lv denied* 16 NY3d 712 [2011]; *Matter of Krystal F. [Liza R.]*, 68 AD3d 670, 670 [2009]).

Contrary to the contention of respondent, we conclude that the court properly determined that he was a "[p]erson legally responsible" for the care of the children and, as such, was a proper party to the child protective proceeding (Family Ct Act § 1012 [g]; *see Matter of Angel R. [Syheid R.]*, 136 AD3d 1041, 1041 [2016], *lv denied* 27 NY3d 1045 [2016]; *Matter of Allyssa O. [Edward N.]*, 132 AD3d 768, 769 [2015]; *see generally Matter of Trenasia J. [Frank J.]*, 25 NY3d 1001, 1004 [2015]). We reject respondent's further contention that the court erred in determining that he neglected the children. "[A] party seeking to establish neglect must show, by a preponderance of the evidence . . . , first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see* §§ 1012 [f] [i]; 1046 [b] [i]). In reviewing the court's determinations, "we must accord great weight and deference to them, 'including [the court's] drawing of inferences and assessment of cred-

ibility,' and we will not disturb those determinations, where, as here, they are supported by the record" (*Matter of Merrick T.*, 55 AD3d 1318, 1319 [2008]; *see Matter of Arianna M. [Brian M.]*, 105 AD3d 1401, 1401 [2013], *lv denied* 21 NY3d 862 [2013]; *Matter of Shaylee R.*, 13 AD3d 1106, 1106 [2004]). We also note that the court was entitled to draw the strongest possible inference against respondent as a result of his failure to testify at the fact-finding hearing (*see Matter of Burke H. [Richard H.]*, 117 AD3d 1455, 1455-1456 [2014]; *see also Matter of Brian S. [Tanya S.]*, 141 AD3d 1145, 1146 [2016]). We conclude that the evidence adduced at the hearing preponderated in support of the court's finding that the subject children were neglected as a result of the failure of respondent, as a person legally responsible for their care, to exercise a minimum degree of care in supplying the children with adequate food, clothing, shelter, or education, and/or in providing the children with proper supervision or guardianship so as not to unreasonably inflict, allow there to be inflicted, or imminently risk the potential infliction of serious harm upon them (*see* § 1012 [f], [g]; *see also Matter of Mary R.F. [Angela I.]*, 144 AD3d 1493, 1494 [2016], *lv denied* 28 NY3d 915 [2017]; *Brian S.*, 141 AD3d at 1146; *Matter of Ashley B. [Lavern B.]*, 137 AD3d 1696, 1697 [2016]). Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Scudder, JJ.