■ In the Matter of BRYAN O. and Another, Children Alleged to be Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ZABIULLAH O., Appellant. [61 NYS3d 409]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered December 29, 2015 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent neglected subject child Bryan O.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the finding that respondent failed to address the child's minimal needs while the child's mother was away, and as modified the order is affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order determining that he neglected Bryan O. (subject child). We note that Arash A.O. attained the age of majority before the order herein was issued. We conclude that the finding of neglect by excessive corporal punishment is supported by a preponderance of the evidence adduced at the fact-finding hearing (*see* §§ 1012 [f] [i] [B]; 1046 [b] [i]). "In reviewing a determination of neglect, we must accord great weight and deference to the determination of Family Court, including its drawing of inferences and assessment of credibility, and we should not disturb its determination unless clearly unsupported by the record" (*Matter of Shaylee R.*, 13 AD3d 1106, 1106 [2004]; *see Matter of Emily W. [Michael S.—Rebecca S.]*, 150 AD3d 1707, 1709 [2017]). Here, the court was presented with substantial credibility issues that it resolved against the father, and we perceive no reason to disturb the court's resolution of those issues.

Contrary to the father's contention, the subject child's out-of-court statements that the father had caused his bruises and scratches by pushing him to the ground and dragging him to bed were sufficiently corroborated by the caseworker's and his mother's observations of his injuries (*see Matter of Dante W. [Norman W.]*, 136 AD3d 473, 473-474 [2016]), the out-of-court statements of his siblings who had seen or heard the altercation (*see Matter of Isaiah S.*, 63 AD3d 948, 949 [2009]), and photographic evidence of the injuries (*see Matter of Dylan TT. [Kenneth UU.]*, 75 AD3d 783, 783-784 [2010]).

Contrary to the father's further contention, petitioner established that the subject child was in "imminent danger of injury or impairment" because of the father's behavior (*Matter of Serenity H. [Tasha S.]*, 132 AD3d 508, 509 [2015]). "Actual impairment or injury is not required but, rather, only 'near or impending' injury or impairment is required" (*Matter of Alexis H. [Jennifer T.]*, 90 AD3d 1679, 1680 [2011], *lv denied* 18 NY3d 810 [2012]). The subject child's mother testified that the child was "hysterical" and cried uncontrollably when asked about the incident of excessive corporal punishment, and there was considerable testimony that the child became upset on other occasions because of the father's verbal abuse and threats.

We agree with the father, however, that the court erred in finding that he neglected the subject child by inadequately caring for his minimal needs when the mother was absent from the home (*see* Family Ct Act § 1012 [f] [i] [A]), and we therefore modify the order accordingly. That finding is not supported by

a preponderance of the evidence (*see* § 1046 [b] [i]). Present— Carni, J.P., Lindley, NeMoyer, Curran and Troutman, JJ.