Matter of Rashawn J. (Veronica H.-B.) (2018 NY Slip Op 01802)





Matter of Rashawn J. (Veronica H.-B.)


2018 NY Slip Op 01802


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


356 CAF 16-00099

[*1]IN THE MATTER OF RASHAWN J., JR. AND MISHAWN J. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; VERONICA H.-B., RESPONDENT-APPELLANT, AND RASHAWN J., SR., RESPONDENT.






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR RESPONDENT-APPELLANT.
MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (PETER A. ESSLEY OF COUNSEL), FOR PETITIONER-RESPONDENT.
SARA E. ROOK, ROCHESTER, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Monroe County (Patricia E. Gallaher, J.), entered December 14, 2015 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent Veronica H.-B. had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the findings that respondent Veronica H.-B. neglected the subject children by using illegal drugs and engaging in domestic violence in their presence and by failing to supply adequate food, medical care, and education, and as modified the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order adjudging that she directly neglected her sons. Family Court also found, in the alternative, that the sons were derivatively neglected based on its conclusion that the mother neglected the sons' half-sister. We conclude that the court's finding of direct neglect by excessive corporal punishment with respect to the older son, as well as the half-sister, which is relevant to the alternative finding of derivative neglect, is supported by a preponderance of the evidence adduced at the fact-finding hearing (see §§ 1012 [f] [i] [B]; 1046 [b] [i]).
Contrary to the mother's contention, the half-sister's out-of-court statements that the mother had caused her injuries by striking her with a jump rope were sufficiently corroborated by the observations of the school nurse and caseworkers, photographic evidence of the injuries, and the testimony of petitioner's medical expert who reviewed the photographs (see Matter of Bryan O. [Zabiullah O.], 153 AD3d 1641, 1642 [4th Dept 2017]; Matter of Dustin B. [Donald M.], 71 AD3d 1426, 1426-1427 [4th Dept 2010]; Matter of Christopher P., 30 AD3d 307, 308 [1st Dept 2006], lv denied 7 NY3d 713 [2006]). In addition, the half-sister's out-of-court statements indicating that the mother inflicted excessive corporal punishment or allowed such harm to be inflicted upon the older son were sufficiently corroborated by the caseworkers' testimony and the photographs of his injuries (see Bryan O., 153 AD3d at 1642). Contrary to the mother's further contention, we conclude that the court was entitled to reject the purported exculpatory explanations given to caseworkers and others regarding the older son's injuries (see Matter of Seth G., 50 AD3d 1530, 1531 [4th Dept 2008]). Indeed, the court properly drew " the strongest possible negative inference' against the [mother] after [she] failed to testify at the fact-finding hearing" (Matter of Kennedie M. [Douglas M.], 89 AD3d 1544, 1545 [4th Dept 2011], lv denied 18 NY3d 808 [2012]; see Matter of Brittany W. [Patrick W.], 103 AD3d 1217, 1218 [4th Dept 2013]).
The mother further contends that the court's alternative finding of derivative neglect with [*2]respect to both sons lacks a sound and substantial basis in the record. We reject that contention. Here, the mother's neglect of the half-sister "is so closely connected with the care of [the sons] as to indicate that the [sons are] equally at risk" (Matter of Marino S., 100 NY2d 361, 374 [2003], cert denied 540 US 1059 [2003]; see Matter of Raymond D., 45 AD3d 1415, 1416 [4th Dept 2007]; Matter of Steven L., 28 AD3d 1093, 1093 [4th Dept 2006], lv denied 7 NY3d 706 [2006]).
We agree with the mother, however, that the court erred in finding that she neglected the sons by using illegal drugs and engaging in domestic violence in their presence, and by failing to supply them with adequate food, medical care, and education (see Family Ct Act § 1012 [f] [i] [A], [B]). Those findings of direct neglect are not supported by a preponderance of the evidence admitted at the fact-finding hearing (see § 1046 [b] [i], [iii]; see Bryan O., 153 AD3d at 1642-1643). We therefore modify the order accordingly.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court