Matter of Sean P. (Brandy P.) (2018 NY Slip Op 04154)





Matter of Sean P. (Brandy P.)


2018 NY Slip Op 04154


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


582 CAF 16-01132

[*1]IN THE MATTER OF SEAN P. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; BRANDY P., RESPONDENT, AND SEAN P., RESPONDENT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT. 
LAURA ESTELA CARDONA, SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered June 7, 2016 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent Sean P. had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order determining that he derivatively neglected his newborn son. Family Court's determination was based on, inter alia, the father's sexual abuse of a child, which resulted in an abuse adjudication. On a prior appeal, we affirmed the order determining that respondent mother neglected the subject child herein (Matter of Sean P. [Brandy P.], 156 AD3d 1339 [4th Dept 2017]).
Contrary to the father's contention, the finding of derivative neglect is supported by a preponderance of the evidence in the record (see Family Ct Act § 1046 [b] [i]; Nicholson v Scoppetta, 3 NY3d 357, 368, 371 [2004]; Matter of Makayla L.P. [David S.], 92 AD3d 1248, 1249-1250 [4th Dept 2012], lv dismissed 19 NY3d 886 [2012]). Although evidence of abuse or neglect of one child does not, standing alone, establish a prima facie case of derivative neglect against a parent, "[a] finding of derivative neglect may be made where the evidence with respect to the child found to be abused or neglected demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [the parent's] care' " (Matter of Jovon J., 51 AD3d 1395, 1396 [4th Dept 2008]; see § 1046 [a] [i]). "In order [t]o sustain a finding of derivative neglect, the prior finding must be so proximate in time to the derivative proceeding so as to enable the factfinder to reasonably conclude that the condition still exists' " (Matter of Dana T. [Anna D.], 71 AD3d 1376, 1376 [4th Dept 2010]); however, " there is no bright-line, temporal rule beyond which we will not consider older child protective determinations' " (Matter of Ilonni I. [Benjamin K.], 119 AD3d 997, 998 [3d Dept 2014], lv denied 24 NY3d 914 [2015]). In the instant case, "there is no reason to believe that the father's proclivity for sexually abus[e] . . . has changed, nor is there any indication the father has addressed the issues that led to the prior adjudication of . . . his sexual abuse of [the] child[ ]" (Matter of Ahmad H., 46 AD3d 1357, 1357-1358 [4th Dept 2007], lv denied 12 NY3d 715 [2009]). We therefore see no reason to disturb the court's finding of neglect (see Makayla L.P., 92 AD3d at 1249). Inasmuch as petitioner made out a prima facie case of derivative neglect, we [*2]reject the father's further contention that the court erred in denying his motion to dismiss at the close of petitioner's case (see Matter of Mary R.F. [Angela I.], 144 AD3d 1493, 1493 [4th Dept 2016], lv denied 28 NY3d 915 [2017]).
Finally, we reject the father's contention that he was denied effective assistance of counsel. "The record, viewed in its totality, establishes that the father received meaningful representation" (Matter of Heffner v Jaskowiak, 132 AD3d 1418, 1418 [4th Dept 2015]; see Matter of Deon M. [Vernon B.], 155 AD3d 1586, 1586-1587 [4th Dept 2017], lv denied 30 NY3d 910 [2018]; cf. Matter of Martin v Martin, 46 AD3d 1243, 1246-1247 [3d Dept 2007]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court