Matter of Janae R. (Antanet R.) (2020 NY Slip Op 06911)





Matter of Janae R. (Antanet R.)


2020 NY Slip Op 06911


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1000 CAF 19-01017

[*1]IN THE MATTER OF JANAE R., JEREMIAH R., AND JAVAR B. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ANTANET R., RESPONDENT-APPELLANT.






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT.
AUDREY ROSE HERMAN, BUFFALO, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered April 16, 2019 in a proceeding pursuant to Family Court Act article 10. The order determined that respondent had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to article 10 of the Family Court Act, respondent mother appeals from an order determining that she neglected the subject children. Contrary to the mother's contention, the out-of-court statements of the children were sufficiently corroborated by the mother's testimony and by the cross-corroboration of each child's statements with the statements of the other children (see § 1046 [a] [vi]; Matter of Timothy B. [Paul K.], 138 AD3d 1460, 1461 [4th Dept 2016], lv denied 28 NY3d 908 [2016]; Matter of Isaiah S., 63 AD3d 948, 949 [2d Dept 2009]; Matter of Nicholas L., 50 AD3d 1141, 1142 [2d Dept 2008]).
With respect to the mother's further contention that Family Court erred in conducting an in camera interview with two of the children outside the presence of the mother's attorney, we conclude that any error is harmless inasmuch as " '[t]here is no indication that the court considered, credited, or relied upon [the in camera interview] in reaching its determination' " (Matter of Kyla E. [Stephanie F.], 126 AD3d 1385, 1386 [4th Dept 2015], lv denied 25 NY3d 910 [2015]; see Matter of Lyndon S. [Hillary S.], 163 AD3d 1432, 1433 [4th Dept 2018]).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court