Matter of Balle S. (Tristian S.) (2021 NY Slip Op 02914)





Matter of Balle S. (Tristian S.)


2021 NY Slip Op 02914


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


350 CAF 19-02017

[*1]IN THE MATTER OF BALLE S., BAYLEE S., BROOKLYN S., AND LAYLA S. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; TRISTIAN S., RESPONDENT-APPELLANT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (DAVID L. CHAPLIN OF COUNSEL), FOR PETITIONER-RESPONDENT.
HEATHER L. YOUNGMAN, SYRACUSE, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered September 30, 2019 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order of fact-finding and disposition determining, inter alia, that he neglected his oldest child and derivatively neglected his three younger children. We affirm.
To establish neglect, the petitioner must establish, by a preponderance of the evidence, " 'first, that [the] child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision and guardianship' " (Matter of Jayla A. [Chelsea K.—Isaac C.], 151 AD3d 1791, 1792 [4th Dept 2017], lv denied 30 NY3d 902 [2017], quoting Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act § 1012 [f] [i]). Although a parent may use reasonable force to discipline his or her child and to promote the child's welfare (see Matter of Damone H., Jr. [Damone H., Sr.] [appeal No. 2], 156 AD3d 1437, 1438 [4th Dept 2017]), the infliction of excessive corporal punishment constitutes neglect (see Family Ct Act § 1012 [f] [i] [B]). A single incident of excessive corporal punishment can be sufficient to support a finding of neglect (see Matter of Steven L., 28 AD3d 1093, 1093 [4th Dept 2006], lv denied 7 NY3d 706 [2006]).
We conclude that there is a sound and substantial basis in the record for Family Court's determination that the father neglected the oldest child by inflicting excessive corporal punishment on her (see generally Family Ct Act § 1012 [f] [i] [B]). The evidence at the fact-finding hearing included the father's own admission to a caseworker that he had "whooped [the oldest child's] ass" and struck her repeatedly with a phone charger cord and a rubber tube to inflict harm on her after she ran away (see Matter of Rashawn J. [Veronica H.-B.], 159 AD3d 1436, 1436-1437 [4th Dept 2018]; Matter of Padmine M. [Sandra M.], 84 AD3d 806, 807 [2d Dept 2011]; cf. Damone H., Jr., 156 AD3d at 1438). Further, out-of-court statements made by the three younger children to a caseworker established that the incident was part of a pattern of excessive corporal punishment because those children stated that the father regularly disciplined [*2]them by, inter alia, hitting them (see Matter of Tiara G. [Cheryl R.], 102 AD3d 611, 611-612 [1st Dept 2013], lv denied 21 NY3d 855 [2013]).
Contrary to the father's contention, petitioner established that, as a result of the incident where the father struck the oldest child with the phone charger cord and rubber tube and previous instances of corporal punishment, the oldest child's mental, or emotional condition was impaired, inasmuch as she had marks on her body, was in great pain, and was afraid of the father (see Matter of Ricardo M.J. [Kiomara A.], 143 AD3d 503, 503 [1st Dept 2016]; Matter of Kim HH., 239 AD2d 717, 719 [3d Dept 1997]; see generally Jayla A., 151 AD3d at 1792). The fact that the oldest child's injuries did not require medical attention does not preclude a finding of neglect based on the infliction of excessive corporal punishment (see Matter of Tyson T. [Latoyer T.], 146 AD3d 669, 670 [1st Dept 2017]).
We further conclude that there is a sound and substantial basis in the record for the court's determination that the father derivatively neglected the three younger children (see Family Ct Act
§ 1046 [b] [i]; see generally Nicholson, 3 NY3d 357 at 368, 371; Matter of Makayla L.P. [David S.], 92 AD3d 1248, 1249-1250 [4th Dept 2012], lv dismissed 19 NY3d 886 [2012]). "Although evidence of . . . neglect of one child does not, standing alone, establish a prima facie case of derivative neglect against a parent, [a] finding of derivative neglect may be made where the evidence with respect to the child found to be . . . neglected demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [the parent's] care" (Matter of Sean P. [Sean P.], 162 AD3d 1520, 1520 [4th Dept 2018], lv denied 32 NY3d 905 [2018] [internal quotation marks omitted]).
Here, the father's use of excessive corporal punishment on the oldest child, visibly demonstrated by the photographs of her injuries, showed that he had a fundamental defect in his understanding of his duties as a parent and an impaired level of parental judgment sufficient to support a determination that the younger children had been derivatively neglected (see Matter of Corey J. [Corey J.], 157 AD3d 449, 450 [1st Dept 2018]; Matter of Isabella D. [David D.], 145 AD3d 1003, 1005 [2d Dept 2016]; Matter of Joseph C. [Anthony C.], 88 AD3d 478, 479 [1st Dept 2011]). Further, two of the three younger children confirmed that they had been subject to similar, albeit less severe, corporal punishment by the father. Thus, petitioner established that the three younger children were "in imminent danger of being impaired by the imposition of excessive corporal punishment" in the future (Matter of Anthony C., 201 AD2d 342, 343 [1st Dept 1994]).
Contrary to the father's contention, although the three younger children were not present during the incident involving the oldest child, they need not have witnessed the incident of excessive corporal punishment to sustain a finding of derivative neglect (see generally Matter of Keith H. [Logann M.K.], 113 AD3d 555, 555 [1st Dept 2014], lv denied 23 NY3d 902 [2014]). Rather, "[t]o sustain a finding of derivative neglect, the prior neglect finding must be so proximate in time to the derivative proceeding so as to enable the factfinder to reasonably conclude that the condition still exists" (Sean P., 162 AD3d at 1520 [internal quotation marks omitted]). Because the finding of derivative neglect with respect to the three younger children was made at the same time as the finding of neglect with respect to the oldest child, we conclude that the requirement is satisfied (see id.).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court