Matter of Kayla K. (Emma P.-T.) (2022 NY Slip Op 02668)

Matter of Kayla K. (Emma P.-T.)

2022 NY Slip Op 02668

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, WINSLOW, AND BANNISTER, JJ.

179 CAF 21-00468

[*1]IN THE MATTER OF KAYLA K. STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; EMMA P.-T., RESPONDENT-APPELLANT. TARA P.-T., INTERVENOR-RESPONDENT. (APPEAL NO. 1.) 

 Appeal from an order of the Family Court, Steuben County (Patrick F. McAllister, A.J.), entered March 10, 2021 in a proceeding pursuant to Family Court Act article 10. The order, among other things, directed respondent to stay away from the subject child.

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILD.
ROSEMARIE RICHARDS, GILBERTSVILLE, FOR INTERVENOR-RESPONDENT. 

 It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the third ordering paragraph of the order of fact-finding entered March 10, 2021 is vacated, and the matter is remitted to Family Court, Steuben County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 10, respondent stepmother purports to appeal from an order of fact-finding determining that she neglected the older child and derivatively neglected the younger child and directed the entry of orders of protection in the children's favor. As a preliminary matter, we exercise our discretion to treat the stepmother's notice of appeal as valid and deem the appeal to be taken from the orders of protection entered as a result of that order, inasmuch as the orders of protection constitute the orders of disposition pursuant to Family Court Act § 1052 (a) (iv) (see generally CPLR 5520 [c]; Matter of Threet v Threet, 79 AD3d 1743, 1743 [4th Dept 2010]). Thus, in appeal No. 1, the stepmother appeals from an order of protection entered for the benefit of the oldest child and, in appeal No. 2, she appeals from an order of protection entered for the benefit of the youngest child. In appeal No. 1, contrary to the stepmother's contention, there is a sound and substantial basis in the record for Family Court's determination that the stepmother neglected the oldest child by inflicting excessive corporal punishment on her (see generally Family Ct Act § 1012 [f] [i] [B]; Matter of Balle S. [Tristian S.], 194 AD3d 1394, 1395 [4th Dept 2021], lv denied 37 NY3d 904 [2021]). "Although a parent may use reasonable force to discipline his or her child and to promote the child's welfare . . . , the infliction of excessive corporal punishment constitutes neglect" (Balle S., 194 AD3d at 1395). "[A] single incident of excessive corporal punishment is sufficient to support a finding of neglect" (Matter of Steven L., 28 AD3d 1093, 1093 [4th Dept 2006], lv denied 7 NY3d 706 [2006]; see Balle S., 194 AD3d at 1395). Here, by the stepmother's own admission, the older child was complying with the stepmother's directive to go upstairs and calm down after a verbal altercation between the two. Nonetheless, the stepmother, upon reflection, decided to follow the older child upstairs and strike her in the face, breaking the older child's glasses and causing her nose to bleed for several minutes. We conclude in appeal No. 2 that the finding of derivative neglect with respect to the younger child also has a sound and substantial basis in the record inasmuch as "the evidence with [*2]respect to the child found to be . . . neglected demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [the stepmother's] care" (Matter of Sean P. [Sean P.], 162 AD3d 1520, 1520 [4th Dept 2018], lv denied 32 NY3d 905 [2018] [internal quotation marks omitted]; see Balle S., 194 AD3d at 1396). In both appeals, the stepmother contends that the court erred in issuing orders of protection in favor of the children with a duration of five years. We agree, and we therefore reverse the orders of protection in appeal Nos. 1 and 2 and vacate the third ordering paragraph of the order of fact-finding entered March 10, 2021. In an article 10 proceeding, the court may issue an order of protection, but such order shall expire no later than the expiration date of "such other order made under this part, except as provided in subdivision four of this section" (Family Ct Act § 1056 [1]). Subdivision (4) of section 1056 allows a court to issue an independent order of protection until a child's 18th birthday, but only against a person "who was a member of the child's household or a person legally responsible . . . , and who is no longer a member of such household at the time of the disposition and who is not related by blood or marriage to the child or a member of the child's household." Here, the orders of protection do not comply with Family Court Act § 1056 (1) and (4) because no other dispositional orders were issued with respect to the children at the time the court issued the orders of protection and the stepmother, although no longer living in the home, remains married to the children's mother (see Matter of Nevaeh T. [Abreanna T.-Wilbert J.], 151 AD3d 1766, 1768 [4th Dept 2017]). Moreover, the court erred in issuing the dispositional orders of protection without first holding a dispositional hearing. "The Family Court Act directs that a dispositional hearing be held as a condition precedent to the entry of a dispositional order such as the order of protection granted by Family Court here" (Matter of Suffolk County Dept of Social Services v James M., 83 NY2d 178, 183 [1994], citing Family Ct Act
§§ 1045, 1047, 1052 [a]; see Matter of Jonathan M., 295 AD2d 513, 514 [4th Dept 2002]). In each appeal, we therefore remit the matter for such a hearing (see James M., 83 NY2d at 183; Jonathan M., 295 AD2d at 514).
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court