Matter of Vashti M. (Carolette M.) (2023 NY Slip Op 01394)

Matter of Vashti M. (Carolette M.)

2023 NY Slip Op 01394

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, AND MONTOUR, JJ.

123 CAF 20-01344

[*1]IN THE MATTER OF VASHTI M. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CAROLETTE M., RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT. 
JESSICA L. VESPER, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered September 11, 2020 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject child. 
It is hereby ORDERED that said appeal from the order insofar as it concerns the disposition is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order determining, inter alia, that she neglected the subject child. Initially, we note that the appeal insofar as it concerns the disposition must be dismissed because the mother consented to the disposition (see CPLR 5511; Matter of Noah C. [Greg C.], 192 AD3d 1676, 1676 [4th Dept 2021]). Nevertheless, we agree with the mother that her challenge to the finding of neglect is properly before us. The mother is aggrieved by that finding despite her consent to the disposition (see Noah C., 192 AD3d at 1676-1677), and the fact that the child has attained the age of majority does not render this appeal academic inasmuch as "[a] determination of neglect creates a permanent and significant stigma which is capable of affecting a parent's status in potential future proceedings" (Matter of Jesus M. [Jamie M.], 118 AD3d 1436, 1437 [4th Dept 2014], lv denied 24 NY3d 904 [2014] [internal quotation marks omitted]; see Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773 [2d Dept 2017]).
With respect to the merits, however, we reject the mother's contention that Family Court erred in determining that petitioner established, by a preponderance of the evidence, that she neglected the child by inflicting excessive corporal punishment on her. " 'A single incident of excessive corporal punishment can be sufficient to support a finding of neglect' " (Matter of Grayson S. [Thomas S.], 209 AD3d 1309, 1313 [4th Dept 2022]). Here, the child's statements to petitioner's caseworker, which were corroborated by the caseworker's observations of the child's injuries and by the mother's admissions (see Matter of Balle S. [Tristian S.], 194 AD3d 1394, 1395 [4th Dept 2021], lv denied 37 NY3d 904 [2021]; Matter of Bryan O. [Zabiullah O.], 153 AD3d 1641, 1642 [4th Dept 2017]), established that the mother inflicted excessive corporal punishment by instigating a confrontation with the child in which she struck the child in the face with an open hand, pushed her and caused her to fall into a bathtub and sustain visible swelling to her leg, and threatened her with a knife (see Matter of Kayla K. [Emma P.-T.], 204 AD3d 1412, 1413 [4th Dept 2022]; Matter of Deandre C. [Luis D.], 169 AD3d 609, 610 [1st Dept 2019]; Matter of Christine BB., 305 AD2d 735, 736 [3d Dept 2003]; cf. Grayson S., 209 AD3d at 1313). The hearing evidence also established that the child's physical condition and emotional condition were impaired as a result of the incident (see Family Ct Act § 1012 [f] [i] [B]; Balle S., 194 AD3d at 1395; Matter of DeShawn D.O. [Maria T.O.], 81 AD3d 961, 962 [2d Dept 2011], lv dismissed 17 NY3d 773 [2011]). The court's determination that the mother's account of the incident was not credible is entitled to deference (see Matter of Kaylee D. [Kimberly D.], 154 [*2]AD3d 1343, 1345-1346 [4th Dept 2017]; see generally Noah C., 192 AD3d at 1678), and we conclude that the court's determination that the mother neglected the child by inflicting excessive corporal punishment is supported by a sound and substantial basis in the record (see Kayla K., 204 AD3d at 1413; Balle S., 194 AD3d at 1395).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court