Matter of Ryanna H. (Monique H.) (2023 NY Slip Op 01376)

Matter of Ryanna H. (Monique H.)

2023 NY Slip Op 01376

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

29 CAF 21-00502

[*1]IN THE MATTER OF RYANNA H. AND SERON M. STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; MONIQUE H., RESPONDENT-APPELLANT.

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.
MARY HOPE BENEDICT, BATH, ATTORNEY FOR THE CHILDREN.

 Appeal from an order of the Family Court, Steuben County (Philip J. Roche, J.), dated March 10, 2021 in a proceeding pursuant to Family Court Act article 10. The order determined that respondent had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order of fact-finding determining that she neglected her oldest child and derivatively neglected her younger child. We affirm.
As relevant here, a neglected child is a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" in various areas (Family Ct Act § 1012 [f] [i]). "[A] party seeking to establish neglect must show, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see § 1012 [f] [i]; Matter of Balle S. [Tristian S.], 194 AD3d 1394, 1394-1395 [4th Dept 2021], lv denied 37 NY3d 904 [2021]).
Here, the mother was alleged to have struck her older child on multiple occasions with an electrical cord and a broomstick handle. Some of the incidents followed misbehavior by the older child. "Although a parent may use reasonable force to discipline his or her child and to promote the child's welfare . . . , the infliction of excessive corporal punishment constitutes neglect (see Family Ct Act
§ 1012 [f] [i] [B]). A single incident of excessive corporal punishment can be sufficient to support a finding of neglect" (Balle S., 194 AD3d at 1395; see Matter of Kayla K. [Emma P.-T.], 204 AD3d 1412, 1413 [4th Dept 2022]; Matter of Justin M.F. [Randall L.F.], 170 AD3d 1514, 1515 [4th Dept 2019]).
In addition, a finding of derivative neglect may be made "where the evidence with respect to the child found to be . . . neglected demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [the parent's] care" (Matter of Sean P. [Sean P.], 162 AD3d 1520, 1520 [4th Dept 2018], lv denied 32 NY3d 905 [2018] [internal quotation marks omitted]; see Balle S., 194 AD3d at 1396).
We conclude that there is a sound and substantial basis in the record for Family Court's [*2]finding that the older child was neglected and that the younger child was derivatively neglected (see generally Family Ct Act §§ 1012 [f] [i] [B]; 1046 [a] [i]; [b] [i]; Nicholson, 3 NY3d at 368, 371; Balle S., 194 AD3d at 1395-1396). The record establishes that "each child's out-of-court statements were sufficiently corroborated, and cross-corroborated," by the photographs and witnesses' observations of the older child's injuries (Matter of Dixon v Crow, 192 AD3d 1467, 1468 [4th Dept 2021], lv denied 37 NY3d 904 [2021]; see Matter of Rashawn J. [Veronica H.-B.], 159 AD3d 1436, 1436 [4th Dept 2018]; Matter of Bryan O. [Zabiullah O.], 153 AD3d 1641, 1642 [4th Dept 2017]). The fact that the older child's injuries "did not require medical attention does not preclude a finding of neglect based on the infliction of excessive corporal punishment" (Balle S., 194 AD3d at 1395).
With respect to the finding of derivative neglect, we conclude that the mother's "use of excessive corporal punishment on the [older] child, visibly demonstrated by the photographs of her injuries, showed that [the mother] had a fundamental defect in [her] understanding of [her] duties as a parent and an impaired level of parental judgment sufficient to support a determination that the younger child[ ] had been derivatively neglected" (Balle S., 194 AD3d at 1396). Moreover, the mother's neglect of the older child was "so closely connected with the care of [the younger child] as to indicate that [he is] equally at risk" (Matter of Marino S., 100 NY2d 361, 374 [2003], cert denied 540 US 1059 [2003]; see Rashawn J., 159 AD3d at 1437).
The mother's only defense was that the children were lying, which presented the court with credibility determinations to make. The court rejected the mother's testimony, and we see no basis to disturb the court's assessment and resolution of those credibility issues (see Dixon, 192 AD3d at 1469; Bryan O., 153 AD3d at 1642).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court