Matter of Dream B. (Oneida County Dept. of Family & Community Servs.) (2025 NY Slip Op 03928)

Matter of Dream B. (Oneida County Dept. of Family & Community Servs.)

2025 NY Slip Op 03928

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, GREENWOOD, AND KEANE, JJ.

509 CAF 23-01969

[*1]IN THE MATTER OF DREAM B.
and
ONEIDA COUNTY DEPARTMENT OF FAMILY AND COMMUNITY SERVICES, PETITIONER-RESPONDENT;
 JEFFREY D.B., AND CLARA T.B., RESPONDENTS-APPELLANTS. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR RESPONDENT-APPELLANT JEFFREY D.B. 
PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT CLARA T.B. 
PETER M. RAYHILL, COUNTY ATTORNEY, UTICA (MARYANGELA SCALZO OF COUNSEL), FOR PETITIONER-RESPONDENT.
COURTNEY S. RADICK, OSWEGO, ATTORNEY FOR THE CHILD.

 Appeals from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered May 8, 2025, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondents had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father and respondent paternal grandmother each appeal from an order, entered after a fact-finding hearing, determining that they neglected the subject child. As a preliminary matter, we exercise our discretion to treat respondents' notices of appeal from the order as valid notices of appeal from the subsequently entered order of disposition (see CPLR 5520 [c]; Matter of Adrian L. [Keetoyia B.], 225 AD3d 1166, 1166 [4th Dept 2024], lv denied 42 NY3d 903 [2024]).
Contrary to respondents' contentions, Family Court did not err in determining that petitioner established that they neglected the subject child. To establish neglect, petitioner was required to show, by a preponderance of the evidence, " 'first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship' " (Matter of Jayla A. [Chelsea K.—Isaac C.], 151 AD3d 1791, 1792 [4th Dept 2017], lv denied 30 NY3d 902 [2017]; see Family Ct Act §§ 1012 [f] [i]; 1046 [b] [i]). The court's " 'findings of fact are accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record' " (Matter of Jeromy J. [Latanya J.], 122 AD3d 1398, 1398-1399 [4th Dept 2014], lv denied 25 NY3d 901 [2015]).
Here, the record establishes that respondents, who were legally responsible for the child's care (see generally Family Ct Act § 1012 [a], [g]), left the child at the maternal grandmother's home, and when the maternal grandmother was no longer able to care for the child, respondents failed to make an alternative plan. The record further establishes that respondents failed to address the child's mental health issues and multiple absences from school. We therefore conclude that "there is a sound and substantial basis to support [the court's] finding that the child [was] in imminent danger of impairment as a result of [respondents'] failure to exercise a minimum degree of care" (Matter of Landen S. [Timothy S.], 227 AD3d 1465, 1466 [4th Dept [*2]2024] [internal quotation marks omitted]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court