Matter of De'Lawrence S. (De'Lawrence S.)
2026 NY Slip Op 03551
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF DE'LAWRENCE S., III AND FREDERICKA S. ------------------------------------------ ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
v
DE'LAWRENCE S., JR., RESPONDENT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
284 CAF 24-01224
Present: Whalen, P.J., Bannister, Montour, Greenwood, And Hannah, JJ.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
RICHARD K. BARNEY, III, BUFFALO, FOR PETITIONER-RESPONDENT.

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered July 8, 2024, in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent neglected the subject children.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order of fact-finding and disposition that, inter alia, adjudged that he neglected the subject children and continued the children's foster care placement. We affirm.
Contrary to the father's contention, we conclude that Family Court did not err in determining that petitioner established by a preponderance of the evidence that the father neglected the children by inflicting excessive corporal punishment on them (see Matter of Vashti M. [Carolette M.], 214 AD3d 1335, 1336 [4th Dept 2023], appeal dismissed 39 NY3d 1177 [2023]; Matter of Balle S. [Tristian S.], 194 AD3d 1394, 1395 [4th Dept 2021], lv denied 37 NY3d 904 [2021]; see generally Family Ct Act § 1012 [f] [i] [B]). The older child's statements to petitioner's caseworkers about an incident in which the father slapped and punched the older child after she returned home late were corroborated by a caseworker's observations of the older child's visible injuries and by the father's admissions regarding that incident, and the older child's statements that the father regularly struck both her and the younger child were cross-corroborated by the younger child's statements to one of the caseworkers (see Vashti M., 214 AD3d at 1336; Balle S., 194 AD3d at 1395; Matter of Janae R. [Antanet R.], 188 AD3d 1753, 1754 [4th Dept 2020]). To the extent that the father, in presenting his own testimony at the hearing, denied hitting the children on any occasion other than during the aforementioned incident with the older child, the conflicting evidence presented the court with a credibility determination to make, which it resolved against the father, and we see no basis to disturb the court's assessment and resolution of that credibility issue (see Matter of Ryanna H. [Monique H.], 214 AD3d 1308, 1310 [4th Dept 2023], lv dismissed 40 NY3d 964 [2023]; Matter of Amarion M. [Faith W.], 214 AD3d 1457, 1458-1459 [4th Dept 2023], lv denied 39 NY3d 915 [2023]). The hearing evidence also established that the physical, mental or emotional condition of the children had been impaired or was in imminent danger of becoming impaired as a result of the father's infliction of excessive corporal punishment (see § 1012 [f] [i] [B]; Vashti M., 214 AD3d at 1336; Amarion M., 214 AD3d at 1458). We thus conclude that the court's determination that the father neglected the children by inflicting excessive corporal punishment is supported by a sound and substantial basis in the record (see Vashti M., 214 AD3d at 1336).
The father further contends that the court erred in determining that it was in the best interests of the children to continue their placement in their current foster home. Even assuming, [*2]arguendo, that the father's contention is not rendered moot by the entry of superseding permanency hearing orders or that the exception to the mootness doctrine applies (see generally Matter of Joshua J. [Tameka J.], 44 NY3d 394, 401-403 [2025]), we conclude that the contention lacks merit. "[T]he fashioning of an appropriate dispositional order is ordinarily a matter of discretion for . . . Family Court and such an order will be reversed [only] where it lacks [a] sound and substantial basis in the [record]" (Matter of Martha S. [Linda M.S.], 126 AD3d 1496, 1497 [4th Dept 2015], lv denied in part & dismissed in part 26 NY3d 941 [2015] [internal quotation marks omitted]). We conclude upon our review of the record that the court's dispositional determination to continue the placement of the children in their current foster home "reflect[s] a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and [is] supported by a sound and substantial basis in the record" (id. [internal quotation marks omitted]; see Matter of Daniel K. [Mildred K.], 173 AD3d 1732, 1733 [4th Dept 2019], lv denied 35 NY3d 903 [2020]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court