In the Matter of DUSTIN P., an Infant. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICHARD P., Appellant, et al., Respondents. [870 NYS2d 670]—

Memorandum: Respondent father appeals from an order adjudicating his son to be a neglected child. Contrary to the contention of the father, Family Court properly denied his motion to dismiss the second amended petition at the close of petitioner's proof inasmuch as petitioner established a prima

facie case of neglect by presenting evidence of " 'both parental misconduct and harm or potential harm to [the] child' " (*Matter of Kenneth V.* [appeal No. 2], 307 AD2d 767, 768 [2003]). A parent's "failure to provide medical care as required by [Family Court Act § 1012 (f) (i) (A)] may be interpreted to include psychiatric medical care where it is necessary to prevent the impairment of the child's emotional condition" (*Matter of Felicia D.*, 263 AD2d 399, 399 [1999]). Here, petitioner presented evidence that the child's behavioral issues, which included suicidal and homicidal ideations, were a direct result of the conflict among the child's three caregivers, i.e., the father, the mother, and the stepmother. The father, however, refused to pursue the recommended family therapy and did not offer an alternative form of treatment until the child had sustained a spinal fracture after jumping out of a second-floor window at the father's residence (*see e.g. Matter of William AA.*, 24 AD3d 1125, 1126-1127 [2005], *lv denied* 6 NY3d 711 [2006]; *Matter of Perry S.*, 22 AD3d 234 [2005]). The father thus breached his "nondelegable affirmative duty to provide [his] child with adequate medical care" (*Matter of Hofbauer*, 47 NY2d 648, 655 [1979]). The father failed to rebut petitioner's prima facie case (*see generally Matter of Kayla C.*, 19 AD3d 692, 693 [2005]), and we conclude that the finding of neglect is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Amanda M.*, 28 AD3d 813, 815 [2006]). Present—Hurlbutt, J.P., Martoche, Fahey and Gorski, JJ.