Matter of Olivia W. (Courtney W.) (2020 NY Slip Op 03296)





Matter of Olivia W. (Courtney W.)


2020 NY Slip Op 03296


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


31 CAF 19-00792

[*1]IN THE MATTER OF OLIVIA W., RANDY F., AND REILEY F. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; COURTNEY W., RESPONDENT-RESPONDENT. WILLIAM L. KOSLOSKY, ESQ., ATTORNEY FOR THE CHILDREN, APPELLANT.






WILLIAM L. KOSLOSKY, UTICA, ATTORNEY FOR THE CHILDREN, APPELLANT PRO SE.
JOHN A. HERBOWY, UTICA, FOR PETITIONER-RESPONDENT.


 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered March 27, 2019 in a proceeding pursuant to Family Court Act article 10. The order dismissed the amended petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the amended petition is granted insofar as it relates to respondent Courtney W., respondent Courtney W. is adjudicated to have neglected the subject children and the matter is remitted to Family Court, Oneida County, for a dispositional hearing.
Memorandum: In this proceeding pursuant to Family Court Act article 10, the Attorney for the Children (AFC) appeals from an order following a fact-finding hearing that dismissed the amended petition alleging, inter alia, that respondent mother neglected the subject children. Inasmuch as we agree with the AFC that Family Court's determination that the mother did not neglect the children lacks a sound and substantial basis in the record, we reverse the order, grant the amended petition insofar as it relates to the mother, and remit the matter to Family Court for a dispositional hearing (see generally Matter of Raven B. [Melissa K.N.], 115 AD3d 1276, 1277 [4th Dept 2014]).
A neglected child is defined, in relevant part, as a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in supplying the child with adequate . . . medical . . . care, though financially able to do so" (Family Ct Act § 1012 [f] [i] [A]). "The statute thus imposes two requirements for a finding of neglect, which must be established by a preponderance of the evidence . . . First, there must be proof of actual (or imminent danger of) physical, emotional or mental impairment to the child . . . Second, any impairment, actual or imminent, must be a consequence of the parent's failure to exercise a minimum degree of parental care . . . This is an objective test that asks whether a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances" (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011] [internal quotation marks omitted]).
The AFC contends that petitioner Oneida County Department of Social Services (DSS) established by a preponderance of the evidence that the mother medically neglected her oldest daughter. We agree. "A parent's failure to provide medical care as required by [Family Court Act § 1012 (f) (i) (A)] may be interpreted to include psychiatric medical care where it is necessary to prevent the impairment of the child's emotional condition' " (Matter of Dustin P., 57 AD3d 1480, 1481 [4th Dept 2008]). Here, upon our review of the record, we conclude that [*2]DSS established a prima facie case of medical neglect by presenting evidence that the mother failed to follow mental health treatment recommendations upon the daughter's discharges from psychiatric hospitalizations for suicidal and homicidal ideation and that the mother failed to rebut DSS's prima facie case (see Matter of Dayshaun W. [Jasmine G.], 133 AD3d 1347, 1348 [4th Dept 2015]; Dustin P., 57 AD3d at 1481).
We further agree with the AFC that the evidence of neglect with respect to the daughter " demonstrates such an impaired level of . . . judgment as to create a substantial risk of harm for any child in [the mother's] care,' " thus warranting a finding of derivative neglect with respect to the younger children (Dayshaun W., 133 AD3d at 1348).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court