Matter of Saaphire A.W. (Lakesha B.) (2022 NY Slip Op 02382)

Matter of Saaphire A.W. (Lakesha B.)

2022 NY Slip Op 02382

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Renwick, J.P., Friedman, Moulton, Mendez, Pitt, JJ. 

Docket No. NA-08762/17, NA-08763/17, NA-08764/17, NA-08765/17 Appeal No. 15689 Case No. 2021-01143 

[*1]In the Matter of Saaphire A.W., and Others, a Children Under Eighteen Years of Age, etc., Lakesha B., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the children Saaphire W., Jonathan W. and Olivia L.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child Denecci B.,

Order of disposition, Family Court, Bronx County (Lynn M. Leopold, J.), entered on or about July 10, 2020, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about June 22, 2020, which found that respondent mother neglected the subject child Olivia W. by misusing marijuana and neglected the other subject children by failing to provide a minimum degree of care and derivatively neglected Olivia W., unanimously modified, on the law, to the extent of vacating the finding of neglect of Olivia based on the mother's use of marijuana, and otherwise affirmed, without costs.
The finding that the mother neglected the three oldest children and derivatively neglected the youngest child was supported by a preponderance of the evidence showing that she should have known that her eldest son was making sexual contact with his two younger siblings and failed to act to protect them (see Matter of Rayshawn R., 309 AD2d 681, 682 [1st Dept 2003]; Matter of Alena O., 220 AD2d 358, 361-362 [1st Dept 1995]). Petitioner presented evidence that the mother discovered her eldest son, Denecci, naked on top of her daughter and that her younger son told her that Denecci did the same thing to him, but thereafter she continued to allow her son to have access to her daughter and to continue sharing a bedroom with the younger son. The evidence also supports the finding that the mother neglected the children by allowing her older daughter to be exposed to adult sexual activity and pornography (see Matter of Cerenity F. [Jennifer W.], 160 AD3d 540, 541 [1st Dept 2018]).
However, the evidence that the mother smoked marijuana while pregnant with her youngest daughter, and that the mother and child both tested positive for marijuana at the time of the birth, is insufficient, in and of itself, to sustain a finding that the child was physically, mentally or emotionally impaired, or was in imminent danger of being impaired (Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]). Here, as acknowledged by the agency, there was no evidence that the mother's marijuana use impacted her judgment or behavior, or that the child was impaired or placed in imminent risk of impairment by the mother's drug use (see Matter of Jeffrey M. [Noemi C.], 102 AD3d 608, 610 [1st Dept 2013]; Matter of Anastasia G., 52 AD3d 830, 832 [2d Dept 2008]). Furthermore, the finding of neglect based solely on use of marijuana, without a finding of actual or imminent impairment of the child's physical or emotional condition, is inconsistent with this State's public policy legalizing marijuana, as reflected in the recent amendment to the Family Court Act (Family Court Act § 1046[a][iii] [L 2021, ch 92, § 58, eff March 31, 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022