Matter of Mahkayla W. (Raheem W.) (2022 NY Slip Op 04231)

Matter of Mahkayla W. (Raheem W.)

2022 NY Slip Op 04231

Decided on June 30, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 30, 2022

Before: Kapnick, J.P., Friedman, Moulton, Shulman, Pitt, JJ. 

Docket No. NN-09147-18 NN-05048-19 Appeal No. 16232-16233-16234 Case No. 2021-00690 2021-02979 2021-03121 

[*1]In the Matter of Mahkayla W. and Another, A Child Under Eighteen Years of Age, etc., Raheem W., et al., Respondents-Appellants, Administration for Children's Services, Petitioner-Respondent. 

Daniel X. Robinson, New York, for Raheem W., appellant.
Steven N. Feinman, White Plains, for Katrina F., appellant.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the children.

Order of fact-finding, Family Court, New York County (Clark V. Richardson, J.), entered on or about July 19, 2021, which, after a hearing, determined that respondents neglected the subject child Mahkayla, unanimously modified, on the law, to the extent of vacating the finding that the mother neglected the child by using marijuana and substituting a finding that the mother derivatively neglected the child, and otherwise affirmed, without costs. Order, same court and Judge, entered on or about February 19, 2021, which changed the permanency goal for the subject children from return to parent to adoption, unanimously affirmed, without costs.
The mother's contention that the neglect petition was insufficiently pleaded is raised for the first time on appeal and unpreserved for appellate review (see Matter of Kevin J., 55 AD3d 468, 468 [1st Dept 2008], lv denied 11 NY3d 715 [2009]). Were we to reach the merits, we would find that the allegations set forth in the petition were facially sufficient to state a cause of action for derivative neglect. The agency established a prima facie case against the mother of derivative neglect as to Mahkayla, based on the prior findings that the mother had neglected her four older children (see Matter of A'Nyia P.G. [Qubilah C.T.G.], 176 AD3d 495, 496 [1st Dept 2019], lv denied 34 NY3d 908 [2020]; Matter of Jamil S. [Shaaniel T.], 156 AD3d 585, 586 [1st Dept 2017]). The dispositional order with respect to the mother's fourth child was entered approximately six months prior to the birth of Mahkayla, and thus was sufficiently proximate in time (see Matter of A'Nyia P.G., 176 AD3d at 496). Furthermore, none of the older children were ever returned to the mother's care, and the mother failed to comply with the requirements of the outstanding orders of disposition, which included mental health and substance abuse treatment. Although the reasons for the older children's removal included the mother's use of marijuana, that was not the sole basis for the findings that she had neglected those children. In addition to alleging long-standing substance abuse, which led to several children testing positive for marijuana at birth, the prior neglect petitions also alleged that she medically neglected one child and failed to provide adequate and healthy shelter for the children.
To the extent Family Court found that Mahkayla was neglected based solely on the mother's use of marijuana while pregnant, without evidence that the child's condition was impaired or at imminent risk of impairment, that finding cannot be sustained (see Family Court Act § 1046[a][iii]; Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]; Matter of Saaphire A.W. [Lakesha B.], 204AD3d 488 [1st Dept 2022]). However, the court also made findings of fact that support a finding of derivative neglect and this Court is authorized to make findings supported by the record (see Matter of Oluwashola P. [Emma T.], 95 [*2]AD3d 778, 778 [1st Dept 2012]).
A preponderance of the evidence demonstrates that the father neglected Mahkayla, because he knew or should have known about the mother's substance abuse and failure to comply with orders of disposition and failed to plan separately for the child (see Matter of Joseph Benjamin P. [Allen P.], 81 AD3d 415, 416 [1st Dept 2011], lv denied 16 NY3d 710 [2011]; Matter of Albert G., Jr. [Albert G., Sr.], 67 AD3d 608 [1st Dept 2009]). Before Mahkayla's birth, the father participated in two safety conferences with the mother where the mother's extensive child protective history, and her failure to address her mental health and substance abuse issues, were discussed. Further, he testified that he understood that the child would not be released to the mother upon birth and conceded that he did not make any efforts to plan for Mahkayla until after the agency filed a neglect petition against him. Although the father denied knowledge of the mother's substance abuse, the issues of credibility, as resolved by the Family Court, must be accorded deference (see Matter of Andrew B. [Deborah B.], 73 AD3d 1036, 1036 [2d Dept 2010]).
The father's argument that his due process rights were violated by the change in the permanency goal is not grounded in the statute and would prejudice the subject children in obtaining permanency. A permanency goal of free for adoption does not lead to a petition to terminate parental rights, since the statute allows the court to adjudicate a particular goal yet direct the agency to engage in concurrent planning (see Family Court Act § 1089 [c][4][iii], [d][2][iv]). By contrast, the children, who have been in foster care since birth, would be prejudiced by any further delay in obtaining permanency. The record was clear that the father made little to no progress in planning for the children. His visits never expanded beyond supervised visits, and his participation in services was inconsistent at best. Further, in January 2020, the Family Court found that the father permanently neglected the children's older brother, and there was no evidence that he had become more actively involved in planning for the children. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 30, 2022