Matter of Gina R. (Christina R.) (2022 NY Slip Op 07321)

Matter of Gina R. (Christina R.)

2022 NY Slip Op 07321

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

733 CAF 21-00672

[*1]IN THE MATTER OF GINA R., NASIR-JABAR R., JUAN R., AMALIA M., AND JAHMAR M. 
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT;
CHRISTINA R., RESPONDENT-APPELLANT.

KAMAN BERLOVE MARAFIOTI JACOBSTEIN & GOLDMAN, LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR RESPONDENT-APPELLANT.
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (AMANDA L. OREN OF COUNSEL), FOR PETITIONER-RESPONDENT. 
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Monroe County (Fatimat O. Reid, J.), entered September 10, 2021 in a proceeding pursuant to Family Court Act article 10. The order determined that respondent had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the finding that respondent neglected the subject children based on her repeated use of marihuana while caring for them and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order following a fact-finding hearing that, inter alia, determined that the mother neglected the subject children. As a preliminary matter, we exercise our discretion to treat the mother's notice of appeal from the order following the fact-finding hearing as a valid notice of appeal from the subsequently entered order of fact-finding and disposition (see CPLR 5520 [c]; Matter of Ariana F.F. [Robert E.F.], 202 AD3d 1440, 1441 [4th Dept 2022]; Matter of Hunter K. [Robin K.], 142 AD3d 1307, 1308 [4th Dept 2016]).
A neglected child is defined, in relevant part, as a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof . . . or by any other acts of a similarly serious nature requiring the aid of the court" (Family Ct Act § 1012 [f] [i] [B]). "The statute thus imposes two requirements for a finding of neglect, which must be established by a preponderance of the evidence . . . First, there must be proof of actual (or imminent danger of) physical, emotional or mental impairment to the child . . . Second, any impairment, actual or imminent, must be a consequence of the parent's failure to exercise a minimum degree of parental care . . . This is an objective test that asks whether a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances" (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011] [internal quotation marks omitted]; see Matter of Olivia W. [Courtney W.], 184 AD3d 1080, 1080-1081 [4th Dept 2020]).
Here, we conclude that there is a sound and substantial basis in the record supporting Family Court's determination that petitioner met its burden of establishing that the youngest of the subject children was neglected (see generally Matter of Sean P. [Brandy P.], 156 AD3d 1339, 1339-1340 [4th Dept 2017], lv denied 31 NY3d 903 [2018]) by presenting evidence that [*2]the mother wrapped the infant to sleep, on more than one occasion, in loose blankets, despite repeated warnings that doing so created a substantial risk to the child (see Matter of Aerobella T. [Bartolomeo V.], 170 AD3d 1453, 1455-1456 [3d Dept 2019]; Matter of Evelyn EE. v Ayesha FF., 143 AD3d 1120, 1127-1128 [3d Dept 2016], lv denied 28 NY3d 913 [2017]).
We agree with the mother, however, that the court erred in applying Family Court Act § 1046 (a) former (iii) in determining that petitioner established a prima facie case that the subject children were neglected based solely on the mother's use of marihuana, without presenting evidence that the children's condition was impaired or at imminent risk of impairment (see Family Ct Act § 1046 [a] [iii]; Matter of Mahkayla W. [Raheem W.], 206 AD3d 599, 600 [1st Dept 2022]; Matter of Saaphire A.W. [Lakesha B.], 204 AD3d 488, 489 [1st Dept 2022]), and we therefore modify the order by vacating that finding. "The Marihuana Regulation and Taxation Act (L 2021, ch 92) amended Family [Court] Act § 1046 (a) (iii), in pertinent part, by specifically foreclosing a prima facie neglect finding based solely upon the use of marihuana, while still allowing for consideration of the use of marihuana to establish neglect, provided '[that there is] a separate finding that the child's physical[,] mental or emotional condition was impaired or is in imminent danger of becoming impaired' " (Matter of Micah S. [Rogerio S.], 206 AD3d 1086, 1090 n 5 [3d Dept 2022]). The amendment to section 1046 (a) (iii) went into effect on March 31, 2021 (see L 2021, ch 92), two days before the court rendered its decision in this case and, "[a]s a general matter, a case must be decided upon the law as it exists at the time of the decision" (Rocky Point Drive-In, L.P. v Town of Brookhaven, 21 NY3d 729, 736 [2013]; see Matter of Wendy B v Ronald B, 53 AD2d 160, 162 [3d Dept 1976]). Inasmuch as petitioner's presentation of evidence was based on the state of the law at the time of the hearing, however, petitioner may not have fully explored the issue of impairment. We therefore remit the matter to Family Court to reopen the fact-finding hearing on the issue whether the children's condition was impaired or at imminent risk of impairment as a result of the mother's use of marihuana (see generally Matter of Jessica R., 78 NY2d 1031, 1032-1033 [1991]; Matter of Alfonzo H. [Cassie L.], 77 AD3d 1410, 1411 [4th Dept 2010]).
We have considered the mother's remaining contentions and conclude that none warrants further modification or reversal of the order.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court