Matter of Cameron J.S. (Zacharias C.) (2023 NY Slip Op 01416)

Matter of Cameron J.S. (Zacharias C.)

2023 NY Slip Op 01416

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

225 CAF 19-02315

[*1]IN THE MATTER OF CAMERON J.S., EMILEY S. AND RAYNESKYE L.S. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ZACHARIAS C., RESPONDENT, AND ELIZABETH F., RESPONDENT-APPELLANT.

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
SAM FADUSKI, BUFFALO, FOR PETITIONER-RESPONDENT.
WILLIAM D. BRODERICK, NIAGARA FALLS, ATTORNEY FOR THE CHILDREN.

 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered November 27, 2019 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent Elizabeth F. had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order of fact-finding and disposition that adjudged that she neglected the subject children by, among other things, failing to provide a safe environment for them. We now affirm.
As a preliminary matter, we note that two of the subject children reached the age of majority during the pendency of this appeal. Nevertheless, due to "the consequences that could flow [from the finding of neglect], the mother's challenge to the adjudication of neglect as to th[ose] child[ren] remains properly before us" (Matter of Lillian SS. [Brian SS.], 146 AD3d 1088, 1090 n 4 [3d Dept 2017], lv denied 29 NY3d 919, 992 [2017]; see Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773 [2d Dept 2017]; see also Matter of Gada B. [Vianez V.], 112 AD3d 1368, 1368 [4th Dept 2013]).
Contrary to the mother's contention, there is a sound and substantial basis in the record to support Family Court's determination that the mother neglected the subject children (see generally Matter of Sean P. [Brandy P.], 156 AD3d 1339, 1339 [4th Dept 2017], lv denied 31 NY3d 903 [2018]). A neglected child is defined, in relevant part, as a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof . . . or by any other acts of a similarly serious nature requiring the aid of the court" (Family Ct Act § 1012 [f] [i] [B]).
"The statute thus imposes two requirements for a finding of neglect, which must be established by a preponderance of the evidence . . . First, there must be proof of actual (or imminent danger of) physical, emotional or mental impairment to the child . . . Second, any impairment, actual or imminent, must be a consequence of the parent's failure to exercise a minimum degree of parental care . . . This is an objective test that asks whether a reasonable and [*2]prudent parent [would] have so acted, or failed to act, under the circumstances" (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011] [internal quotation marks omitted]; see Family Ct Act § 1012 [f] [i] [B]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; Matter of Gina R. [Christina R.], 211 AD3d 1483, 1484 [4th Dept 2022]).
Here, the evidence presented by petitioner established that one of the mother's adult children had previously sexually abused one of the subject children over the course of several years. That adult child was also mentally unstable, volatile, and violent, having physically fought with others in the home, punched holes in walls, and destroyed other property in the home. Contrary to the mother's contention, the evidence further established that the subject children witnessed those events and were, at times, the victims of those events. The police were repeatedly called to the residence to address issues involving the adult child, and his mere presence at the house left the subject children "uncomfortable" and "terrified." Despite petitioner's requests that the mother adhere to a safety plan and ask the adult child to move from the residence, the evidence established that the adult child remained a constant presence in the home and that the mother refused to cooperate with petitioner.
We thus conclude that the evidence supports the determination that the mother failed to provide adequate supervision of the children (see Matter of Airionna C. [Shernell E.], 118 AD3d 1430, 1431-1432 [4th Dept 2014], lv denied 24 NY3d 905 [2014], lv dismissed 24 NY3d 951 [2014]; Matter of Benjamin K., 28 AD3d 810, 812 [3d Dept 2006]). The mother's actions in continuing to allow the adult child to reside in or visit the home placed the children "at substantial risk of harm" (Matter of Jose E. [Jose M.], 176 AD3d 1201, 1203 [2d Dept 2019]; see Matter of Justine R. [Cara T.], 158 AD3d 701, 703 [2d Dept 2018]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court