Matter of Amarion M. (Faith W.) (2023 NY Slip Op 01626)

Matter of Amarion M. (Faith W.)

2023 NY Slip Op 01626

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

266 CAF 21-01714

[*1]IN THE MATTER OF AMARION M. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; FAITH W., RESPONDENT-APPELLANT.

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT.
AYOKA A. TUCKER, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered November 12, 2022 in a proceeding pursuant to Family Court Act article 10. The order determined, inter alia, that respondent neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order determining, inter alia, that she neglected the subject child. We affirm.
To establish neglect, the petitioner must establish, by a preponderance of the evidence, " 'first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship' " (Matter of Jayla A. [Chelsea K.—Isaac C.], 151 AD3d 1791, 1792 [4th Dept 2017], lv denied 30 NY3d 902 [2017], quoting Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act § 1012 [f] [i]). Although a parent may use reasonable force to discipline their child and to promote the child's welfare (see Matter of Damone H., Jr. [Damone H., Sr.] [appeal No. 2], 156 AD3d 1437, 1438 [4th Dept 2017]), the infliction of excessive corporal punishment constitutes neglect (see § 1012 [f] [i] [B]). A single incident of excessive corporal punishment can be sufficient to support a finding of neglect (see Matter of Steven L., 28 AD3d 1093, 1093 [4th Dept 2006], lv denied 7 NY3d 706 [2006]). Further, the fact that a child's injuries do not require medical attention does not preclude a finding of neglect based on the infliction of excessive corporal punishment (see Matter of Tyson T. [Latoyer T.], 146 AD3d 669, 670 [1st Dept 2017]).
Here, we conclude that there is a sound and substantial basis in the record for Family Court's determination that the mother neglected the child by inflicting excessive corporal punishment on him (see generally Family Ct Act § 1012 [f] [i] [B]). The evidence presented by petitioner at the fact-finding hearing established that the mother intended to harm the child when she engaged in a physical altercation with him after he failed to comply with her request that he take out the trash. It was uncontested that the mother choked the child during that encounter. Further, petitioner presented evidence establishing that the mother made various admissions regarding her role in the encounter to a caseworker—namely, that she initiated the encounter, that she "kicked [the child's] ass," that she was not going to let the child "run over her," and that she was not going to let him think that she was "a little bitch"—all of which belied the mother's argument that she acted in self-defense during the altercation (see Matter of Balle S. [Tristian S.], 194 AD3d 1394, 1395 [4th Dept 2021], lv denied 37 NY3d 904 [2021]; see generally Matter [*2]of Kayla K. [Emma P.-T.], 204 AD3d 1412, 1413 [4th Dept 2022]). Petitioner also presented evidence establishing that the child's physical, mental or emotional condition was impaired by the mother (see Balle S., 194 AD3d at 1395). In particular, petitioner presented evidence establishing that the child feared her as a result of the altercation, and that the child had red marks, bruises and broken blood vessels on his neck and experienced breathing difficulties after the mother choked him.
Although the mother presented her own testimony, which arguably supports a contrary conclusion, she also presented the testimony of the child, which was largely consistent with petitioner's evidence and supportive of the court's determination of neglect. We conclude that the conflicting evidence presented by the mother does not require a different result inasmuch as the court declined to credit her efforts to minimize or explain her behavior and instead credited the testimony of, inter alia, the child with respect to the altercation (see Matter of Kaylee D. [Kimberly D.], 154 AD3d 1343, 1345-1346 [4th Dept 2017]). Indeed, we note that, "[i]n reviewing the court's determinations, we must accord great weight and deference to them, including [the court's] drawing of inferences and assessment of credibility, and we will not disturb those determinations, where, as here, they are supported by the record" (Jayla A., 151 AD3d at 1792-1793 [internal quotation marks omitted]; see Matter of Noah C. [Greg C.], 192 AD3d 1676, 1678 [4th Dept 2021]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court