Matter of Angelina M. (Marilyn O.) (2024 NY Slip Op 00500)

Matter of Angelina M. (Marilyn O.)

2024 NY Slip Op 00500

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, NOWAK, DELCONTE, AND KEANE, JJ.

24 CAF 22-01675

[*1]IN THE MATTER OF ANGELINA M., ANGELO M., AND KHAMANI O. 
ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; MARILYN O., RESPONDENT-APPELLANT, AND PEDRO M., RESPONDENT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS R. BABILON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (JOSEPH M. MARZOCCHI OF COUNSEL), FOR PETITIONER-RESPONDENT.
ANDREW S. GREENBERG, SYRACUSE, ATTORNEY FOR THE CHILD.
WALTER BURKARD, MANLIUS, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Onondaga County (Julie A. Cerio, J.), entered September 29, 2022, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent Marilyn O. neglected one of the subject children and derivatively neglected the other two subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order entered after a fact-finding hearing finding, inter alia, that she neglected her daughter and derivatively neglected her two sons. Contrary to the mother's contention, there is a sound and substantial basis in the record for Family Court's determination that the mother neglected her daughter. Pursuant to Family Court Act § 1012 (f) (i) (B), a neglected child is, as relevant here, one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent
. . . to exercise a minimum degree of care . . . by unreasonably inflicting or allowing to be inflicted harm." In determining whether a parent exercised a minimum degree of care, the court must consider what "a reasonable and prudent parent [would have done] . . . under the circumstances then and there existing" (Nicholson v Scoppetta, 3 NY3d 357, 370 [2004]; see Matter of Cameron J.S. [Elizabeth F.], 214 AD3d 1355, 1356-1357 [4th Dept 2023], lv denied 39 NY3d 915 [2023]). The evidence at the fact-finding hearing established that the daughter told the mother about incidents of sexual abuse by the daughter's uncle and grandfather and the mother neglected to exercise the minimum degree of care by failing to take sufficient action in order to avoid actual physical, mental and emotional impairment to her daughter (see Matter of Telsa Z. [Denise Z.], 81 AD3d 1130, 1133 [3d Dept 2011]; see also Matter of Crystiana M. [Crystal M.-Pamela J.], 129 AD3d 1536, 1537 [4th Dept 2015]; see generally Nicholson, 3 NY3d at 370).
Contrary to the mother's further contention, the court properly drew a negative inference against her based on her failure to testify at the fact-finding hearing (see Matter of Noah C. [Greg C.], 192 AD3d 1676, 1678 [4th Dept 2021]; Matter of Rashawn J. [Veronica H.-B.], 159 AD3d 1436, 1437 [4th Dept 2018]).
We also conclude that the finding of derivative neglect with respect to the mother's two sons has a sound and substantial basis in the record inasmuch as "the evidence with respect to the child found to be . . . neglected demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [the mother's] care" (Matter of Sean P. [Sean P.], 162 AD3d 1520, 1520 [4th Dept 2018], lv denied 32 NY3d 905 [2018] [internal quotation marks omitted]; see also Matter of Balle S. [Tristian S.], 194 AD3d 1394, 1396 [4th Dept 2021], lv denied 37 NY3d 904 [2021]).
The mother contends that the Attorney for the Child (AFC) for the daughter and the AFC for her sons improperly advocated a position that was contrary to the children's express wishes. The mother's contention is not preserved for our review because she made no motion to remove the AFCs (see Matter of Muriel v Muriel, 179 AD3d 1529, 1530 [4th Dept 2020], lv denied 35 NY3d 908 [2020]; Matter of Edmonds v Lewis, 175 AD3d 1040, 1041 [4th Dept 2019], lv denied 34 NY3d 909 [2020]; Matter of Daniel K. [Roger K.], 166 AD3d 1560, 1561 [4th Dept 2018], lv denied 32 NY3d 919 [2019]).
We have considered the mother's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court