Matter of Adrian L. (Keetoyia B.) (2024 NY Slip Op 01416)

Matter of Adrian L. (Keetoyia B.)

2024 NY Slip Op 01416

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

124 CAF 22-00793

[*1]IN THE MATTER OF ADRIAN L. AND AIDEN S. ONEIDA COUNTY DEPARTMENT OF FAMILY AND COMMUNITY SERVICES, PETITIONER-RESPONDENT; KEETOYIA B. AND JASON L., RESPONDENTS-APPELLANTS. 

TRACY L. PUGLIESE, CLINTON, FOR RESPONDENT-APPELLANT KEETOYIA B. 
PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT JASON L.
DEANA D. GATTARI, UTICA, FOR PETITIONER-RESPONDENT. 
CHRISTINE S. KIESEL, SAUQUOIT, ATTORNEY FOR THE CHILDREN. 

 Appeals from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered June 29, 2022, in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondents had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondents each appeal from an order that, inter alia, determined that they neglected the subject children. As a preliminary matter, we exercise our discretion to treat respondents' notices of appeal from the order as valid notices of appeal from the subsequently entered order of disposition (see CPLR 5520 [c]; Matter of Gina R. [Christina R.], 211 AD3d 1483, 1483 [4th Dept 2022]; Matter of Ariana F.F. [Robert E.F.], 202 AD3d 1440, 1441 [4th Dept 2022]).
We reject respondents' contention that Family Court erred in finding that they neglected the children. We conclude that petitioner established by a preponderance of the evidence that the children were in imminent danger of emotional impairment based upon the alleged repeated incidents of domestic violence between respondents (see Family Ct Act § 1012 [f] [i] [B]; Matter of Afton C. [James C.], 17 NY3d 1, 8-9 [2011]).
We further reject respondent Jason L.'s contentions that the court erred in various evidentiary rulings. Jason L.'s contention that the Utica Police Department records were not properly certified is unpreserved for our review. Jason L. additionally contends that the court erred in considering those records because they contained inadmissible hearsay. We reject that contention, inasmuch as, with respect to the police records, "[t]here is no indication that the court considered, credited, or relied upon inadmissible hearsay in reaching its determination" (Matter of Milo C. [Daniella C.], 214 AD3d 1350, 1351 [4th Dept 2023], lv denied 40 NY3d 901 [2023] [internal quotation marks omitted]).
Jason L. further contends that the court erred in considering the maternal grandmother's testimony regarding statements made by the older subject child and the mother, because those statements constituted inadmissible hearsay. We reject that contention. The older child's out-of-court statements relating to allegations of neglect were sufficiently corroborated by other evidence tending to support their reliability (see Family Ct Act § 1046 [a] [vi]; Matter of Crystal S. [Patrick P.], 193 AD3d 1353, 1354 [4th Dept 2021]). With respect to the mother's out-of-court statements, we conclude that any error "is harmless because the result reached herein would [*2]have been the same even had such [statements] been excluded" (Matter of Kyla E. [Stephanie F.], 126 AD3d 1385, 1386 [4th Dept 2015], lv denied 25 NY3d 910 [2015]). We also reject Jason L.'s contention with respect to hearsay testimony of a supervisor employed by petitioner, because that testimony was admitted conditionally, the court later noted explicitly that it "may not consider [the supervisor's] testimony" in reaching its decision, and there is no indication that the court relied upon that hearsay (see Milo C., 214 AD3d at 1351).
We have reviewed respondents' remaining contentions in both appeals and conclude that they lack merit.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court