Matter of Steven S. (Lyndsey M.) (2024 NY Slip Op 03946)

Matter of Steven S. (Lyndsey M.)

2024 NY Slip Op 03946

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

412 CAF 22-01978

[*1]IN THE MATTER OF STEVEN S. AND SYRENITY S. CAYUGA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; LYNDSEY M., RESPONDENT-APPELLANT. (APPEAL NO. 2.) 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.
LISA A. BOWMAN, PINEHURST, NORTH CAROLINA, FOR PETITIONER-RESPONDENT. 
CYNTHIA B. BRENNAN, AUBURN, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Cayuga County (Jon E. Budelmann, A.J.), dated November 14, 2022, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject children. 
It is hereby ORDERED that said appeal from the order insofar as it concerns the disposition with respect to the older child is unanimously dismissed and the order is affirmed without costs.
Memorandum: In appeal Nos. 1 and 2, respondent mother appeals from orders of fact-finding and disposition adjudicating the subject children in those appeals to be permanently neglected and ordering that the children be placed in the custody of an authorized agency and the maternal grandmother, who had filed a petition for custody pursuant to Family Court Act article 6 during the pendency of the permanent neglect proceeding.
Initially, the mother's appeal from the order in appeal No. 2 insofar as it concerns the disposition with respect to the older child in that appeal must be dismissed as moot because that child has reached the age of 18 (see Matter of Phoenix E.P.-W. [Felicita P.], 225 AD3d 875, 876 [2d Dept 2024]). "Nevertheless, the [mother's] challenge[ ] to the Family Court's finding[ ] that [she] permanently neglected the [older] child[ ] [is] not academic, since a finding of permanent neglect constitutes a permanent and significant stigma that might indirectly affect the [mother's] status in future proceedings" (id. [internal quotation marks omitted]; see Matter of Nikole V. [Norman V.], 224 AD3d 1102, 1102 [3d Dept 2024], lv denied 41 NY3d 909 [2024]; Matter of Desirea F. [Angela H.], 217 AD3d 1064, 1065 n 4 [3d Dept 2023], lv denied 40 NY3d 908 [2023]; see also Matter of Cameron J.S. [Elizabeth F.], 214 AD3d 1355, 1356 [4th Dept 2023], lv denied 39 NY3d 915 [2023]).
The mother contends in both appeals that the court erred in ordering that the children be placed in the custody of the maternal grandmother pursuant to Family Court Act § 1055, which addresses the placement of a child following an adjudication of neglect (see § 1052 [a] [iii]), rather than Family Court Act article 6, which addresses custody determinations in custody and permanent neglect proceedings. Although the court erroneously stated in its oral decision that it was "plac[ing] the children in the maternal grandmother's care pursuant to Family Court Act § 1055," it clarified in both its oral decision and in the orders that it was granting the maternal grandmother's article 6 petition.
In addition, we reject the mother's contention in both appeals that her due process rights [*2]were violated because she was not provided with sufficient notice that petitioner sought to terminate her parental rights. That contention is belied by the record, which contains repeated instances in which the mother was notified that petitioner sought to terminate her parental rights and supported the maternal grandmother's custody petition.
The mother further contends in both appeals that petitioner was required to change the permanency goal to adoption prior to petitioning to terminate her parental rights in order to avoid concurrent permanency goals that were inherently contradictory. Even assuming, arguendo, that this contention is preserved, we conclude that it is without merit. Under the Family Court Act, "[a]t the conclusion of each permanency hearing, the court shall . . . determine and issue its findings, and enter an order of disposition in writing: (1) directing that the placement of the child be terminated and the child returned to the parent . . . ; or (2) where the child is not returned to the parent . . . : (i) whether the permanency goal for the child should be approved or modified and the anticipated date for achieving the goal. The permanency goal may be determined to be: (A) return to parent; (B) placement for adoption with the local social services official filing a petition for termination of parental rights; (C) referral for legal guardianship; (D) permanent placement with a fit and willing relative; or (E) placement in another planned permanent living arrangement" (§ 1089 [d]).
Here, the court did not impose concurrent permanency goals (cf. Matter of Dakota F. [Angela F.], 92 AD3d 1097, 1098-1099 [3d Dept 2012]). Rather, the goal remained return to parent. Additionally, an agency "is permitted to evaluate and plan for other potential future goals where reunification with a parent is unlikely . . . , and [s]imultaneously considering adoption and working with a parent is not necessarily inappropriate" (Matter of Anastasia S. [Michael S.], 121 AD3d 1543, 1544 [4th Dept 2014], lv denied 24 NY3d 911 [2014] [internal quotation marks omitted]; see Matter of Joshua T.N. [Tommie M.], 140 AD3d 1763, 1763 [4th Dept 2016], lv denied 28 NY3d 904 [2016]; Matter of Maryann Ellen F., 154 AD2d 167, 170 [4th Dept 1990], appeal dismissed 76 NY2d 773 [1990]).
The mother contends in both appeals that petitioner failed to establish that it exercised the requisite diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b [7] [a]). We reject that contention. "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child[ren], providing services to the parents to overcome problems that prevent the discharge of the child[ren] into their care, and informing the parents of their child[ren]'s progress" (Matter of Briana S.-S. [Emily S.] [appeal No. 2], 210 AD3d 1390, 1391 [4th Dept 2022], lv denied 39 NY3d 910 [2023] [internal quotation marks omitted]; see Matter of Star Leslie W., 63 NY2d 136, 142 [1984]). "An agency which has tried diligently to reunite a [parent] with [their] child but which is confronted by an uncooperative or indifferent parent is deemed to have fulfilled its duty" (Star Leslie W., 63 NY2d at 144; see Matter of Cheyenne C. [James M.] [appeal No. 2], 185 AD3d 1517, 1519 [4th Dept 2020], lv denied 35 NY3d 917 [2020]; Matter of Nassau County Dept. of Social Servs. v Diana T., 207 AD2d 399, 401 [2d Dept 1994]). "Petitioner is not required to guarantee that the parent succeed in overcoming his or her predicaments . . . , and the parent must assume a measure of initiative and responsibility" (Matter of Kemari W. [Jessica J.], 153 AD3d 1667, 1668 [4th Dept 2017], lv denied 30 NY3d 909 [2018] [internal quotation marks omitted]). Here, the record establishes "by clear and convincing evidence that, although petitioner made affirmative, repeated, and meaningful efforts to assist [the mother], its efforts were fruitless because [the mother] was utterly uncooperative" (Cheyenne C., 185 AD3d at 1519 [internal quotation marks omitted]). Indeed, the testimony and the exhibits submitted by petitioner demonstrate that, although petitioner attempted to maintain contact with the mother and to work with her toward her service plan goals, the mother failed to cooperate in any meaningful manner.
Finally, we have reviewed the mother's remaining contentions and conclude that none warrants modification or reversal of the orders.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court