Matter of Nevaeh W. (Nicole P.) (2025 NY Slip Op 05397)

Matter of Nevaeh W. (Nicole P.)

2025 NY Slip Op 05397

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND HANNAH, JJ.

694 CAF 23-01837

[*1]IN THE MATTER OF NEVAEH W. —————————————————————- ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
NICOLE P., RESPONDENT-APPELLANT. (APPEAL NO. 6.) 

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
SAM FADUSKI, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered May 9, 2023, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, adjudged that respondent neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 10, as limited by her brief, respondent mother appeals in appeal No. 6 from an order of fact-finding and disposition insofar as it determined that she neglected her eldest child, and, in appeal Nos. 1 through 5, she appeals from orders of fact-finding and disposition insofar as they determined that she neglected her younger children. We affirm in each appeal.
As a preliminary matter, we note that the eldest child reached the age of majority during the pendency of these appeals. Nevertheless, due to the consequences that could flow from the finding of neglect, the mother's challenge to the adjudication of neglect as to the eldest child remains properly before us (see Matter of Cameron J.S. [Elizabeth F.], 214 AD3d 1355, 1356 [4th Dept 2023], lv denied 39 NY3d 915 [2023]).
A neglected child is defined, in relevant part, as a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the child's] parent . . . to exercise a minimum degree of care . . . in supplying the child with adequate . . . medical . . . care, though financially able to do so" (Family Ct Act § 1012 [f] [i] [A]), or "in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, . . . including the infliction of excessive corporal punishment . . . or by any other acts of a similarly serious nature requiring the aid of the court" (§ 1012 [f] [i] [B]). "The statute thus imposes two requirements for a finding of neglect, which must be established by a preponderance of the evidence . . . First, there must be proof of actual (or imminent danger of) physical, emotional or mental impairment to the child . . . Second, any impairment, actual or imminent, must be a consequence of the parent's failure to exercise a minimum degree of parental care . . . This is an objective test that asks whether a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances" (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011] [internal quotation marks omitted]; see Matter of Barry G., Jr. [Barry G.], 221 AD3d 1596, 1596 [4th Dept 2023], lv denied 41 NY3d 904 [2024]; Matter of Olivia W. [Courtney W.], 184 AD3d 1080, 1080-1081 [4th Dept 2020]).
Here, contrary to the mother's contention, we conclude that there is a sound and [*2]substantial basis in the record to support Family Court's determination that petitioner established by a preponderance of the evidence that the mother neglected the eldest child (see generally Cameron J.S., 214 AD3d at 1356). The evidence presented at the fact-finding hearing established, among other things, that the mother medically neglected the eldest child by failing to follow mental health treatment recommendations to address the eldest child's behavioral issues (see Olivia W., 184 AD3d at 1081; Matter of Dustin P., 57 AD3d 1480, 1481 [4th Dept 2008]) and by responding inappropriately to the eldest child's asthma attacks, including withholding her inhaler on at least one occasion (see Matter of Kinara C. [Jerome C.], 89 AD3d 839, 840 [2d Dept 2011]; see generally Matter of Autumn O. [Noah O.], 158 AD3d 696, 698 [2d Dept 2018]). The evidence further established that the mother neglected the eldest child by inflicting excessive corporal punishment on her during a series of confrontations between them (see Matter of Balle S. [Tristian S.], 194 AD3d 1394, 1395 [4th Dept 2021], lv denied 37 NY3d 904 [2021]; see also Matter of Amarion M. [Faith W.], 214 AD3d 1457, 1458 [4th Dept 2023], lv denied 39 NY3d 915 [2023]; Matter of Kayla K. [Emma P.-T.], 204 AD3d 1412, 1413 [4th Dept 2022]). Moreover, the evidence established that the eldest child's physical, mental or emotional condition was impaired by the mother (see Amarion M., 214 AD3d at 1458; Balle S., 194 AD3d at 1395). We accord great weight and deference to the court's determinations, including its drawing of inferences and assessment of credibility, and we will not disturb those determinations where, as here, they are supported by the record (see Matter of Benjamin H. [Ermal H.], 238 AD3d 1513, 1514 [4th Dept 2025]).
Contrary to the mother's further contention, we conclude that the court's determination that petitioner established by a preponderance of the evidence that the mother neglected the younger children is supported by a sound and substantial basis in the record (see generally id. at 1513). Petitioner presented evidence of multiple instances in which the mother engaged in acts of domestic violence with the eldest child in the presence of the younger children, whose physical, mental, and emotional health had thereby been impaired or was in imminent danger of becoming impaired (see id. at 1513-1514; Matter of Raymond D., 45 AD3d 1415, 1416 [4th Dept 2007]; see generally Family Ct Act § 1012 [f] [i]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court