Matter of Alejandro G.-P.
2026 NY Slip Op 04076
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF ALEJANDRO G.-P. AND NEYMAR G.-P. ------------------------------------------------- ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; NEIDY M.P., RESPONDENT, AND JOSE A., RESPONDENT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
348 CAF 24-01293
Present: Whalen, P.J., Curran, Ogden, Nowak, And Delconte, JJ.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
STEVEN DAHLBERG, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILDREN.

Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), entered July 12, 2024, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent-appellant neglected the subject children.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent-appellant (respondent) appeals from an order that, inter alia, determined that he neglected the subject children.
Contrary to respondent's contention, Family Court properly determined that he neglected the children. To establish neglect, "petitioner was required to show, by a preponderance of the evidence, first, that [the] child[ren]'s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child[ren] is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child[ren] with proper supervision or guardianship" (Matter of Landen S. [Timothy S.], 227 AD3d 1465, 1465-1466 [4th Dept 2024] [internal quotation marks omitted]; see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). The court's "findings of fact are accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Landen S., 227 AD3d at 1466 [internal quotation marks omitted]).
Here, the record establishes that respondent mother left one of the subject children in the care of respondent and that the child sustained bruising and a cut on an arm as a result (see Matter of Vashti M. [Carolette M.], 214 AD3d 1335, 1336 [4th Dept 2023], appeal dismissed 39 NY3d 1177 [2023]; Matter of Amarion M. [Faith W.], 214 AD3d 1457, 1457-1458 [4th Dept 2023], lv denied 39 NY3d 915 [2023]). We conclude that there is a sound and substantial basis in the record for the court's determination that respondent neglected that child by inflicting excessive corporal punishment on the child (see Amarion M., 214 AD3d at 1458). Moreover, the record establishes that both of the subject children were exposed to domestic violence between the mother and respondent (see Matter of Alejandro G.-P. [Neidy P.], 246 AD3d 1464, 1465 [4th Dept 2026]). We therefore conclude that the court's findings concerning respondent's neglect of the subject children have a sound and substantial basis in the record (see generally Matter of Shakema R. v Mesha B., 236 AD3d 1383, 1386 [4th Dept 2025], lv denied 43 NY3d 906 [2025]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court